HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE BRIDGHAM-MORRISON and
DEREK MORRISON,

   Plaintiff,

  v.

NATIONAL GENERAL ASSURANCE
COMPANY, a foreign insurer,

   Defendant.

CASE NO. C15-927RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendant National General Assurance Company's ("Defendant") Motion to Compel Fed. R. Civ. P. 35 Examination of Plaintiff Laurie Bridgham-Morrison. Dkt. # 37.  Plaintiffs Laurie Bridgham-Morrison ("Mrs. Bridgham-Morrison") and Derek Morrison's ("Mr. Morrison") (collectively, "Plaintiffs") oppose the motion. Dkt. # 13.  For the reasons set forth below, the Court will **GRANT** Defendant's Motion and Order Mrs. Bridgham Morrison to submit to an independent medical examination ("IME") by Edward Arrington, M.D.

## II.  BACKGROUND

This Court has provided a background of this case in a previous Order. *See* Dkt. # 35 at 2-3.  In brief, this Court involves Mrs. Bridgham-Morrison's claim for under-insured motorist coverage under Mr. Morrison's auto insurance policy after she suffered injuries as a result of a car accident caused by another driver. *See id.*

ORDER – 1

### III. LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Federal Rule of Civil Procedure 35(a) ("Rule 35") provides that a "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." "One of the purposes of Rule 35 is to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995). Such an order: "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Generally speaking, "Rule 35 examinations require an additional showing that the matter be 'in controversy' and that 'good cause' exists for ordering the examination sought." *Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 667 (S.D. Cal. 2001) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964)). Additionally, "[b]ecause of the intrusive nature of examinations, they are not granted as a matter of right, but rather as a matter of discretion." *Muller v. City of Tacoma*, No. 14-CV-05743-RJB, 2015 WL 3793570, at *2 (W.D. Wash. June 18, 2015) (citing Fed. R. Civ. P. 35(a); *Coca-Cola Bottling Co. v. Negron Torres*, 255 F.2d 149 (1st Cir. 1958)); *Ligotti v. Provident Life & Cas. Ins. Co.*, 857 F. Supp. 2d 307, 318 (W.D.N.Y. 2011) (citing *O'Quinn v. New York University Med. Ctr.*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995)).

### IV. DISCUSSION

a. Procedural Issues

To begin, Plaintiffs raise three procedural issues that they believe bar Defendant's request to order an IME of Mrs. Bridgham-Morrison. *See* Dkt. # 42 at 1-2. Specifically Plaintiffs argue that Defendant failed: (1) to include a certification that it met and

ORDER – 2

1  conferred in good faith with Plaintiffs in its Motion, (2) to sufficiently identify the nature,
2  conditions, and scope of the examination in its Motion, and (3) to timely file their
3  Motion. *Id.* at 1-2, 5-7. Accordingly, they believe that the Motion should be denied.

4  This Court's Local Rules ordinarily require that "[a]ny motion for an order
5  compelling disclosure or discovery must include a certification . . . that the movant has in
6  good faith conferred or attempted to confer with the person or party failing to make
7  disclosure or discovery in an effort to resolve the dispute without court intervention."
8  *See* Local Rules W.D. Wash. LCR 37(a)(1). This Court could not find a single case from
9  this judicial district – and Plaintiffs do not cite any authority – imposing this particular
10 requirement on motions made pursuant to Rule 35. In fact, as Defendant notes, some
11 cases have distinguished other discovery motions from Rule 35 motions. *See e.g.,*
12 *Muller*, 2015 WL 3793570 at *1-2 (distinguishing "Discovery Motion" from "Rule 35
13 Motion"). And the Rules themselves appear to distinguish between discovery motions
14 made under Rule 37 and those made under Rule 35. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If
15 a party . . . fails to obey an order to provide or permit discovery, including an *order under*
16 *Rule 26(f), 35, or 37(a)*, the court where the action is pending may issue further just
17 orders.") (emphasis added). To this extent, the Court agrees with Defendant that mere
18 notice to all parties – not necessarily a good faith meet and confer – may be sufficient for
19 purposes of Rule 35. *See* Fed. R. Civ. P. 35(a)(2)(A). Accordingly, the Court must reject
20 Plaintiffs' arguments on this point.

21 However, as this Court emphasized in its previous Order, "[i]n order for the
22 Parties to engage in meaningful, cost-effective discovery, they must cooperate in
23 accordance with the spirit and purposes of the [Rules]." Dkt. # 35 at 1-2 (citing *Oracle*
24 *USA, Inc. v. SAP AG*, 264 F.R.D. 541, 543-44 (N.D. Cal. 2009)). Even if notice alone
25 may suffice for purposes of Rule 35, the Court still expects the Parties to engage in some
26 form of discussion to informally resolve such issues – a procedure that Defendant appears
27 to have ignored. *See* Dkt. # 43 (Traverso Decl.) ¶ B. Unfortunately, in light of the
28 ORDER – 3

1  proximity of this motion to the discovery cutoff, the Court reluctantly will consider
2  Defendant's Motion despite the lack of such an informal attempt.  If future discovery
3  issues arise – and it appears to this Court that such issues have arisen (*see* Dkt. # 46) – the
4  Court expects the Parties to have previously engaged in at least some form of
5  communication.

6        Second, Plaintiffs argue that Defendant failed to identify the nature, conditions,
7  and scope of the examination in its Motion.  *See* Dkt. # 42 at 2.  That is only partially
8  correct – Defendant provided the name of its proposed examining doctor, Dr. Arrington
9  (*see* Dkt. # 37 at 1), and provided a limited scope to that examination (*see* Dkt. # 37 at 5).
10 The proposed order accompanying the Motion provides many relevant details[1] (*see* Dkt.
11 # 40 at 1) and Defendant also provided some additional clarifications on Reply[2] (*see* Dkt.
12 # 44 at 3-4).  Again, although the Court agrees that these issues could have been resolved
13 without Court action if a proper meet and confer had taken place, it reluctantly must
14 reject Plaintiffs' argument.  The Court finds, in this specific instance, Defendant has
15 sufficiently met its obligation for this Requirement in Rule 35.  To the extent that
16 Plaintiffs object that Defendant has not provided sufficient specificity as to the scope or
17 conditions of the IME, the Court declines to "micromanage the examination."  *Gavin v.*
18 *Hilton Worldwide, Inc.*, 291 F.R.D. 161, 167 (N.D. Cal. 2013).

19       Finally, although Plaintiffs include timeliness in their arguments on good cause,
20 the Court believes this is more properly addressed as a procedural issue.  Plaintiffs'
21 primary argument is that Defendants have long known about the need for such an

---

[1] Specifically, Defendant indicated that the IME is scheduled for January 20, 2016 at 5:00 p.m., at N.W. Physical Medicine, 801 Pine Street, Suite, Seattle, WA 98101.  Edward Arrington, M.D. will perform the examination.  Finally, the scope of the examination is limited solely to "a physical examination to evaluate [Mrs. Bridgham-Morrison's] alleged ongoing complaints."  Dkt. # 40 at 1.  It appears that the date no longer is applicable (*see* Dkt. # 48) but that all other details remain valid.

[2] Plaintiffs object to Defendant including additional clarifying information on this point on Reply (*see* Dkt. # 42 at 2), but other courts in this judicial district have permitted such practice (*see e.g.,* *Muller*, 2015 WL 3793570 at *2).

ORDER – 4

examination, but elected not to pursue one until shortly before the discovery cutoff. *See* Dkt. # 42 at 5-6. Plaintiffs also dispute the necessity of such an examination, arguing that their treating doctors are not experts. *See id.* at 6.

Plaintiffs argue that Defendant has exaggerated the fact that Plaintiffs only listed Mrs. Bridgham-Morrison's treating physicians as experts in their Second Amended Initial Disclosures on December 9, 2015, when in fact Defendant has long known about these physicians. *See* Dkt. # 42 at 5-6. The Court rejects Plaintiffs' argument. Treating physicians may become experts subject to the written report requirements when they testify as to opinions formed outside the course of treatment. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). As Plaintiffs acknowledge, they first named Mrs. Bridgham-Morrison's treating physicians as *experts* on December 9, 2015. *See* Dkt. # 38 (Wells Decl.) Ex. A at 14, Ex. C at 47-48. "Disclosing a person as a witness and disclosing a person as an expert are two distinct acts." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Plaintiffs appear to concede as much, given that they supplied expert reports from these witnesses. *See* Dkt. # 42 at 6.

There is some disagreement as to when a motion for a Rule 35 examination must be made. *See Rowland v. Paris Las Vegas,* No. 13CV2630-GPC DHB, 2015 WL 4662032, at *3 (S.D. Cal. Aug. 6, 2015) (collecting cases). There is authority holding that the only deadline relevant to Rule 35 is the discovery cutoff. *See e.g., Bush v. Pioneer Human Servs.,* No. C09-0518 RSM, 2010 WL 324432, at *4 (W.D. Wash. Jan. 21, 2010) ("this Court takes the position that the deadline set in the scheduling order for expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report"); *Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 413-14 (S.D. Ohio 2007); *Eckman v. Univ. of Rhode Island*, 160 F.R.D. 431, 432 (D.R.I. 1995). Other courts have read Rule 35 in conjunction with Rule 26's deadline for producing expert reports. *See Diaz v. Con-*

ORDER – 5

*Way Truckload, Inc.*, 279 F.R.D. 412, 416-17 (S.D. Tex. 2012) (collecting cases and noting disagreement).

The Court does not believe that it must resolve this disagreement.[3] If this Court follows the first interpretation of the Rules, then its Motion is timely so long as it was made before the February 8, 2016 discovery cutoff. Dkt. # 29. Alternatively, even if this Court were to follow the latter interpretation, any Rule 35 report Dr. Arrington provides could potentially be construed as a supplemental expert report pursuant to Rule 26(e)(2) because Dr. Arrington already supplied an expert report well before the December 9, 2015 expert discovery cutoff. *See* Dkt. # 29; Dkt. # 38 (Wells Decl.) Ex. B at 20 (report dated August 10, 2015). Supplemental reports are expressly contemplated by the Rules and may be permitted if they are not significantly different from the expert's original report or do not attempt to deepen and strengthen the prior report. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008) (citing *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003)). Here, Dr. Arrington's Rule 35 report could simply supplement his conclusions pertaining to Mrs. Bridgham-Morrison's prognosis (*see* Dkt. # 38 (Wells Decl.) Ex. B at 35-36), using more recent medical information resulting from a physical exam.[4]

The Court finds that in these circumstances, Defendant's Motion is timely.

b. <u>Substantive Issues</u>

Having resolved these procedural issues, the Court proceeds to determine the substance of Defendant's Motion. Defendant must, of course, show that the matter is in controversy and that good cause exists for ordering the IME. *See Houghton*, 198 F.R.D. at 667.

---

[3] As a result, the Court's holding is in accord with *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 2711806, at *2 (W.D. Wash. June 16, 2014).

[4] The Court declines to rule in a vacuum as to whether Dr. Arrington's Rule 35 report actually is a supplemental report. The Court notes, at this juncture, that it does not appear that permitting Dr. Arrington to conduct a Rule 35 IME would result in Dr. Arrington disclosing the "new opinions" that Plaintiffs complain about. *See* Dkt. # 42 at 7.

ORDER – 6

Here, there is little question that Mrs. Bridgham-Morrison's need for future treatment is at issue. These damages appear to be included in Plaintiffs' various damages computations in their initial disclosures. *See* Dkt. # 38 (Wells Decl.) Ex. C at 50-53; Dkt. # 43-2 (Traverso Decl.) Ex. 2 at 11-13. Additionally, apparently for the first time, Plaintiffs' Second Amended Initial Disclosures indicate that their experts will testify as to her prognosis and estimated future medical costs. *See* Dkt. # 38 (Wells Decl.) Ex. C at 48. Plaintiffs do not appear to dispute this, as it is not addressed in their Opposition. *See* Dkt. # 42. The Court thus finds that Mrs. Bridgham-Morrison's need for future medical treatment is in dispute for purposes of Rule 35.

Next, this Court must determine whether good cause exists to order the IME of Mrs. Bridgham-Morrison. As Defendant notes, courts have evaluated good cause by examining several factors, including: (1) the possibility of obtaining the desired information by other means, (2) whether plaintiff plans to prove her claim through the testimony of expert witnesses, (3) whether the desired information is relevant, and (4) whether plaintiff is claiming an ongoing injury. *Lopez v. City of Imperial*, No. CIV. 13-0597-BEN WVG, 2014 WL 232271, at *3-4 (S.D. Cal. Jan. 21, 2014).

There does not appear to be any dispute regarding two factors. Mrs. Bridgham-Morrison undoubtedly is claiming an ongoing injury. *See* Dkt. # 38 (Wells Decl.) Ex. C at 50-53; Dkt. # 43-2 (Traverso Decl.) Ex. 2 at 11-13. Information derived from Dr. Arrington's proposed physical examination certainly also would be relevant to showing whether Mrs. Bridgham-Morrison requires any claimed future medical treatment.

The Parties diverge, however, on the two other factors. As the Court discussed, *supra*, Plaintiffs have shown that they intend to present evidence through the use of experts. Contrary to Plaintiffs' contention, of course, treating physicians may still be experts subject to the written disclosure requirement. *See Luttrell v. Novartis Pharms. Corp.*, 894 F. Supp. 2d 1324, 1332-33 (E.D. Wash. 2012). Next, Plaintiffs argue that Defendant could have obtained the same information from Mrs. Bridgham-Morrison's

ORDER – 7

medical records. *See* Dkt. # 42 at 7. The Court disagrees. It is clear that Dr. Arrington only had access to medical records from 2005 to July 2013. *See* Dkt. # 38 (Wells Decl.) Ex. B at 21-31. Plaintiffs have also not shown that they have provided medical records dating from July 2013 to present to Defendant when Dr. Arrington prepared his report in August 2015. In fact, Defendant indicates that it has not received such medical records. *See* Dkt. # 44 at 2. The lack of records, of course, will weigh in favor of ordering an IME. *See Lopez*, 2014 WL 232271, at *3.

Nevertheless, Plaintiffs claim that good cause does not exist because they will be prejudiced if Defendant is permitted to conduct an IME. *See* Dkt. # 42 at 7-8. The Court agrees that Plaintiffs may be prejudiced if they are unable to conduct further discovery on Dr. Arrington. However, the Court also believes that any such prejudice may be alleviated. For one, Defendant has offered to make Dr. Arrington available for deposition both before the discovery cutoff (*see* Dkt. # 45 (Wells Decl.) ¶ 3 (available February 3, 2016)) and after the discovery cutoff (*see* Dkt. # 44 at 3 n.1). In other words, Plaintiffs will be able to discover whatever findings Dr. Arrington makes soon after he conducts the IME (and presumably soon after receiving the Rule 35 report).

To alleviate any such prejudice, the Court will permit Plaintiffs an opportunity to respond to Defendant's discovery from Dr. Arrington. In other words, the Court makes clear that good cause exists to modify the scheduling order because of the proximity of Dr. Arrington's IME and Rule 35 report to the discovery cutoff and Plaintiffs' inability to seek an extension before Defendant's Motion was made. *See In Re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (Rule 16(b)'s "good cause" standard focuses on diligence of party seeking modification of a scheduling order). What that means is that the Court will permit a small modification of the scheduling order to allow Plaintiffs to fully discover any evidence stemming from Dr. Arrington. The Court will order that after the Rule 35 IME, Defendant must make Dr. Arrington available for a

ORDER – 8

deposition in compliance with the Rules.  Additionally, Plaintiffs may retain an expert to prepare a rebuttal report to Dr. Arrington's Rule 35 report.  That rebuttal expert and report, of course, must be disclosed within 30 days after Dr. Arrington's Rule 35 report is prepared.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

## V. CONCLUSION

In sum, the Court **GRANTS** Defendant's Motion.  Dkt. # 36.  The Court therefore orders the following:

1. Plaintiff Laurie Bridgham-Morrison is ordered to attend an independent medical examination before Dr. Edward Arrington, M.D.
    a. The Parties are ordered to meet and confer **within three (3) days of this Order** to discuss a mutually convenient date and time for this examination.
    b. The medical examination will take place at N.W. Physical Medicine, 801 Pine Street, Suite 100, Seattle, WA 98101.
    c. The scope of the examination will be a physical examination solely to evaluate Plaintiff Laurie Bridgham-Morrison's alleged ongoing complaints – in other words, the necessity of future medical care and prognosis.
2. The scheduling order is modified solely to accommodate the rulings in this Order.
    a. Out of an abundance of caution, the Court clarifies that if the Parties are unable to mutually agree to a date and time for the Rule 35 IME prior to the discovery cutoff, the scheduling order is modified to accommodate that IME.  The Court expects that Dr. Arrington will supply a Rule 35 report to Plaintiffs, if they so request, shortly after it is prepared (and that such preparation should be reasonably prompt).  Fed. R. Civ. P. 35(b)(1).

ORDER – 9

      b. Likewise, Plaintiffs are permitted to take Dr. Arrington's deposition, even if that deposition occurs after the February 8, 2016 discovery cutoff.

      c. Finally, Plaintiffs are also permitted to disclose a rebuttal expert and her report within 30 days after Dr. Arrington supplies his Rule 35 report.

3. As a final point of clarification, the Court refuses to rule at this juncture whether Dr. Arrington's Rule 35 report constitutes a supplemental expert report. It does not exist yet. If Plaintiffs legitimately believe that Dr. Arrington's report goes beyond the scope of the Rules, then they may raise that issue at the appropriate juncture, such as by way of a motion *in limine*.

The Court reiterates that the Parties must comply with the letter and spirit of the Rules in conducting discovery. Defendant's Motion has complied with the letter of the Rules but skirted dangerously close to violating the *spirit* of the Rules. The spirit of the Rules contemplates "cooperative, meaningful and efficient discovery practices." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 n.3 (C.D. Cal. 1997). Deciding to bypass conferring with opposing counsel on such a motion is precisely the uncooperative discovery practice the Rules frown upon.

DATED this 19th day of January, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court

ORDER – 10