HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURIE BRIDGHAM-MORRISON and DEREK MORRISON,<br><br>       Plaintiff,<br><br>    v.<br><br>NATIONAL GENERAL ASSURANCE COMPANY, a foreign insurer,<br><br>       Defendant. | CASE NO. C15-927RAJ<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendant General Assurance Company's ("Defendant") Motion to Compel Plaintiffs' Answers and for Relief From Deadline. Dkt. # 46. Plaintiffs Laurie Bridgham-Morrison ("Mrs. Bridgham-Morrison") and Derek Morrison ("Mr. Morrison") (collectively, "Plaintiffs") oppose this motion. *See* Dkt. # 52. This Court has already dealt with extensive discovery issues stemming from this case and it appears that the Parties have disregarded this Court's repeated requests that they resolve these disputes amicably. *See* Dkt. # 35 at 1-2; Dkt. # 50 at 10. The Court again reminds the Parties of the need to meaningfully cooperate in discovery (though the deadline for discovery has since passed). *See* Dkt. # 29. For the reasons set for the below, the Court **GRANTS** the Motion.

ORDER – 1

## II. BACKGROUND

The Court has already provided a background of the case in a previous Order. *See* Dkt. # 35 at 2-3. In brief, this case involves Mrs. Bridgham-Morrison's claim for under-insured motorist coverage under Mr. Morrison's auto insurance policy after she suffered injuries as a result of a car accident caused by another driver. *See id.*

## III. LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court, however, must limit discovery where it is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## IV. DISCUSSION

Defendant requests that the Court compel Plaintiffs to provide complete discovery responses to Defendant's first set of interrogatories and requests for production. *See* Dkt. # 46 at 5. Additionally, Defendant requests an extension to the time to complete discovery. *See id.* at 6. Since the Motion was initially filed, it appears that Plaintiffs provided unsigned responses. *See* Dkt. # 51 (Ferguson Decl.) ¶ 7.[1] It is not clear whether anything has occurred since.

---

[1] Plaintiffs request that this Court strike Mr. Ferguson's supplemental declaration as untimely and prejudicial. *See* Dkt. # 52 at 4-5. The Court declines to strike the declaration as it only supplemented facts forming the basis for Defendant's Motion. Certainly Plaintiffs are more aware of the sufficiency of their discovery responses as Defendant is. Furthermore, Plaintiffs provide no authority for striking Mr. Ferguson's supplemental declaration.

ORDER – 2

a. Procedural Issues

The Court begins with whether Defendant complied with the meet and confer requirements before filing this Motion. Plaintiffs contend that the Motion was premature as the Parties had not yet reached an "impasse," that Defendant never "scheduled and initiated" a meet and confer, and that the Motion does not contain a "meet and confer" certificate. Dkt. # 52 at 1-2. Plaintiffs are wrong.

Local Rule W.D. Wash. LCR 37(a)(1) requires the Parties to meet and confer in good faith – and for the moving party to "include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." In addition, that "certification must list the date, manner, and participants to the conference." *Id.*

Defendant's Motion contains a certification. *See* Dkt. # 46 at 5. That certification lists two separate meet and confers regarding the missing responses. *See id.* (describing meet and confer efforts on December 30, 2015 and January 13, 2016). There is no requirement in the Local Rules or the Federal Rules of Civil Procedure that a moving party "schedule and initiate" a meet and confer with the opposing party. *See* Fed. R. Civ. P. 37(a)(1); Local Rules W.D. Wash. LCR 37(a)(1).

With respect to whether an "impasse" is necessary before bringing a motion to compel, Plaintiffs stand on slightly firmer ground. Some courts in this judicial district have found that a good faith meet and confer prior to filing a motion anticipates such an impasse. *See e.g., Smyth v. Merchants Credit Corp.*, No. C11-1879RSL, 2012 WL 5914901, at *1 (W.D. Wash. Nov. 16, 2012); *Bennett v. Homeq Servicing Corp.*, No. C06-874MJP, 2007 WL 3010427, at *1 (W.D. Wash. Oct. 12, 2007). Nevertheless, the Court believes that Defendant properly brought this Motion as all signs indicated that an impasse had been reached. Specifically, it appears that Defendant discussed this issue with Plaintiffs at least three times. *See* Dkt. # 46 at 5. Nevertheless, the requested

ORDER – 3

1  (though still unsigned) discovery responses were not forthcoming until January 21, 2016
2  (*see* Dkt. # 51 (Ferguson Decl.) ¶ 9), well past the December 23, 2015 deadline for
3  responding (*see* Dkt. # 47 (Ferguson Decl.) Ex. 1 at 19; Fed. R. Civ. P 33(b)(2)).  By
4  January 13, 2016, after having conferred with Plaintiffs multiple times, and with
5  depositions and the discovery deadline fast approaching, Defendant reasonably believed
6  that an impasse had been reached, especially as it had not received substantive responses
7  to its efforts to meet and confer.  *See* Dkt. # 47 (Ferguson Decl.) Exs. 2-6; Dkt. # 29.

      b.  <u>Whether to Compel Production</u>

That brings us to the merits of Defendant's Motion.  At this juncture, Plaintiffs have supplied responses, though they appear to be unsigned.  *See* Dkt. # 51 (Ferguson Decl.) Ex. 8.  Unsigned interrogatory responses do not comply with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them.").  Furthermore, as Defendant rightly notes, "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2).  Defendant promptly requested signatures.  *See* Dkt. # 51 (Ferguson Decl.) Ex. 9.  No signatures appear to be forthcoming.

Plaintiffs must provide verifications for their interrogatory responses.  As such, the Court will **GRANT** Defendant's Motion to compel their production.

      c.  <u>Whether to Extend the Discovery Cutoff</u>

Finally, Defendant seeks an extension to the discovery deadline to pursue some additional discovery.  Specifically,  Defendant now seeks to disclose rebuttal reports to expert reports from Plaintiffs' experts Wayne Boyack and Stephen Strezlec.  *See* Dkt. # 54 at 3-4.

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard primarily considers the diligence of

ORDER – 4

the party seeking the amendment of the pretrial deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court is reluctant to extend discovery in a case that has involved seemingly interminable discovery disputes.

Nevertheless, it appears that Plaintiffs first provided an expert report from Mr. Boyack on January 12, 2016. *See* Dkt. # 47 (Ferguson Decl.) Exs. 6-7. It is unclear whether Mr. Boyack was previously disclosed as an expert witness but, in any event, he apparently was only then designated as a witness under Federal Rule of Civil Procedure 26(a)(2)(B) or (C). In this respect, Defendant is entitled to disclose expert evidence solely to rebut Mr. Boyack's expert testimony within 30 days of January 12, 2016. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). The Court will grant such a brief extension to the discovery deadline because Defendant's deadline for disclosing rebuttal evidence would fall outside the February 8, 2016 discovery cutoff. *See* Dkt. # 29. In short, so long as Defendant disclosed a rebuttal to Mr. Boyack's testimony within 30 days of January 12, 2016, that rebuttal evidence will be deemed timely.

Finally, Defendant requests yet another extension to the discovery deadline to accommodate rebuttal reports to supplemental expert reports from Plaintiffs' expert Stephen Strezlec.[2] *See* Dkt. # 54 at 3-4. To the extent that a rebuttal report is necessary to contradict these supplemental reports, the Court will permit this limited extension of the discovery deadline for the same reasons. Despite Defendant's reasonable diligence, it could not produce rebuttal reports within the current discovery deadline. Defendant is

---

[2] Plaintiffs do correctly note that the original Motion did not contain this request. *See* Dkt. # 52 at 3. Of course, given that Mr. Strezlec's first supplemental report was not provided until January 20, 2016, Defendant could not have included such a request in its original pleading. *See* Dkt. # 51 (Ferguson Decl.) ¶ 5. This is far from ideal, but the Court would prefer to end any discovery disputes pending at this juncture.

ORDER – 5

permitted to disclose a rebuttal report to Mr. Strezlec's supplemental reports within 30 days of their disclosures.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Compel. Dkt. # 46. The Court sincerely hopes that this is the end to the unending stream of discovery motions filed in this matter.

In brief, the Court **ORDERS** the following:

1. Plaintiffs must serve complete, verified responses to Defendant's First Sets of Interrogatories and Requests for Production of Documents **within ten (10) days of this Order.**
2. Defendant is granted a brief extension to the discovery deadline in order to disclose expert rebuttal evidence to the expert report of Wayne Boyack and the supplemental reports of Stephen Strezlec. Any rebuttal disclosed within 30 days of Mr. Boyack and Mr. Stezlec's disclosure will be deemed timely by this Court.
    a. In the event that Defendant has not yet disclosed such rebuttal evidence, the Court will permit Defendant to disclose such rebuttal evidence **within three (3) days of this Order.**
    b. Finally, to alleviate any prejudice to Plaintiffs, the Court will permit a brief extension of the discovery deadline for them to depose any expert disclosed in these reports. The Court anticipates that these depositions will take place no later than **March 8, 2016**.

DATED this 24th day of February, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court

ORDER – 6